Wilds, J.
This case comes before the court on a motion to reverse a judgment on demurrer, given in the District Court. The declaration states, that in consequence of the negligent conduct of the defendant in a public office, the plaintiff’s testator sustained a great damage in the sale of his laud. The only question submitted by this demurrer is, whether the present is one of those actions which dies with the person, or survives to the personal representative 1 The maxim, that “ actio personalis moritur cum persona,” as a general principle, is not correct; it is confined to those cases which arise ex delicto, and not ex contractu, and even then, is received under some restrictions. The distinction is, if the injury be such a one, as thereby the offender acquires no benefit to himself, at the expense of the sufferer, as battery, false imprisonment» slander, &e , there the person injured has only a reparation to be assessed, ad libitum, of a jury ; hut where, besides the crime, property )s acquired, which benefits the testator, there an action for the value of„the property survives against the executor. Cowp. 376» So stands actions at common law against executors. Respecting their testators, only as to their estates, and not as to their persons, they are only to be so far liable as the fund they represent has been affected by the transaction. But in favor of executors, the St 4 Ed. 3, c. 7, has given additional remedies, which, against them, is denied. Actions under its authority, may be brought for them, which are not maintainable against them. Trespass, for an invasion of property, lies for, but not against, an executor; and this statutory provision was necessary, in order to give executors, piaiutiffs, and defendants, reciprocal protection. The distinction between their personal and representative capacities is preserved. Executors’ defendants are only liable for offences, wrongs done, committed by the estates, if I may use the expression, not by the persons of their testators ; wrongs done by the testator, in consequence of which a benefit has resulted to his estate ; that is, such as have brought some benefit to the estates under their direction. But before this statute, actions for these species of wrongs were not maintainable by executors, and this from the nature of their situation. They only represent their testator, as to his estate. Until the death of the prin-pipal, the representative cannot exist. To allow him, therefore, to sue for damages done to the estate,’before he had any thing to do *30 with it, would be allowing a remedy where there would seem to be no right. But as these injuries are to the estate, impairing their value, and lessening their worth, it seems but just that the same tribunals which protect estates from all except injuries done by them, injuries from whence a benefit to such estates arises, should grant reparation for those done to them, for those injuries from whence a prejudice is done to, or damage is sustained by such estates. There" fore the statute was passed.
Note. See Wooddes, 78. 3 Bl. Com. 302. 1 Ventr. 187, 1 Com. Dig. 332. Toller’s Law of Executors, 121. 2 Bac. Esp 439 Stat. 4 Ed. 3, o. 7. P. I-< 33. Esp. Dig. 578. Poph. 31. 1 Ventr. 349. 1 Sir. 313. 1 Com. Dig. 117. Fonbl. 133.
*30 In the present case, it is admitted that this action would not lie against executors, as there is no pretence that the estate of the det fendant has been benefited by the transaction. But for the same reason, it should be maintained for them, because a very serious in. jury has been sustained by the estate of the plaintiff’s testator, to redress which the statute was enacted. The words of the statute, to be sure, do seem to confine the remedy to direct and tortious invasions of property; but, by the equity of the statute, which the Courts have extended very far, every injury, when confined to the personal estate, which affects the personal estate, and not merely the person of the testator, seems to be embraced. The distinction taken, and ably supported by the Attorney Genera], I confess, has given me some difficulty. In most of the cases which I have been able to examine, cited in the argument, wherein executors have been allowed to maintain actions, their testators seem to' have had some ascertained vested rights. In this case, the claim of the tes. tator sounded merely in damages, uncertain, and not capable of certainty, except by the intervention of a jury. To extend, therefore, the equity of the statute to executors in a case where it was yet to be ascertained whether the testator himself had any right, is, I believe, going as far at .least, if not farther, than we are authorized by precedent. But, if the distinction which I have assumed be correct; if it be the estates, and not the persons which executors and administrators represent, then, I think, the rule may be safely laid down, if it has not been already so laid down, “ That for every injury done to the estate of a testator, or intestate, a right of action survives to his representatives; and those alone which are done by the estate, and those by which a benefit accrues to their estates, or which benefit their estates, survives against them. But, for every personal injury done to, or committed by a testator, or intestate, the right of action dies with the individual.” For these reasons, I am of opinion that the present motion should be discharged.
Motion refused.